UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTISBURG DIVISION

EMMERICH NEWSPAPERS,
INCORPORATED,

        Plaintiff,

v.

GOOGLE LLC,

        Defendant.

Civil Case No. **2:26-cv-57-TBM-RPM**

**COMPLAINT FOR DAMAGES**

Jury Trial Demanded

Plaintiff Emmerich Newspapers, Incorporated ("Emmerich"), for its Complaint against Defendant Google LLC ("Google"), alleges as follows:

**I.      NATURE OF THE ACTION**

1.      This is an action for preliminary and permanent injunctive relief and federal copyright infringement under 17 U.S.C. §§ 101 *et seq*. and infringement of the Digital Millennium Copyright Act under 17 U.S.C. § 1202(b).

2.      Plaintiff Emmerich brings this action to prevent the continuing and irreparable harm that it is suffering and will continue to suffer due to Defendant Google's willful infringement of Emmerich's intellectual property.

3.      Google has built the world's largest news aggregator, Google News, by pirating vast numbers of images and headlines from other publishers nationwide on a daily basis.  Rather than obtaining permission or paying a fair price for the news images and headline reporting it exploits, Google News strips out both the copyright information and "gutter credits" (indicating attribution for the photos) from their place directly beneath or beside the images and republishes the original images on its *own* news service without consent, compensation, comment, or change.

4.      Google adds nothing to the images it pirates from other publishers and does not alter their central use and intended purpose to depict news subjects – it simply engages its massive operation every day to (1) ingest data from other publishers' websites, including news photos, copyright notices and attribution credits, headlines, and articles, (2) parse out only certain selected data, including the news photos, without retaining the copyright notices and attribution credits that were conveyed in connection with the photos, and (3) republish the news photos, with the accompanying copyright notices and attribution credits removed, for its *own* Google News feed.

5.      Google has been operating and continues to operate its unlawful pirating scheme, by which it lets news photographers across the country go out into the field every day to devote their energies and professional talents to capturing unique news photos, while it sits back waiting to hijack what they bring back.

6.      In effect, Google conscripts its own free armada of photographers, journalists, and publishers across the nation to amass and supply the intellectual property that forms the backbone of its Google News service. Google employs its piracy scheme to save it the trouble and expense of creating its own photographs for Google News. It simply misappropriates Emmerich's intellectual property, which Emmerich creates to provide content for its own news websites, for the same purpose. Google News is nothing more than a conduit for pirated intellectual property.

## II.    PARTIES

7.      Plaintiff Emmerich Newspapers, Incorporated is a corporate citizen of Mississippi. It is a Mississippi corporation headquartered at 246 Briarwood Dr., Suite 101, Jackson (Hinds County), MS 39206.

8.      Emmerich Newspapers, Incorporated, is one of the largest privately owned newspaper chains in Mississippi, with additional newspapers in Louisiana and Arkansas. Its

companies publish twice weekly, and weekly newspapers as well as magazines and websites. In most of its markets Emmerich Newspapers is the only source of local news coverage.

9.    Emmerich owns the following companies, which are each listed with their corresponding publication:

- Clarion Publishing Company: the Dumas Clarion in Dumas, Arkansas;

- Clarke Publishing: the Clarke County Tribune in Quitman, Mississippi;

- Commonwealth Publishing, Inc.: the Greenwood Commonwealth in Greenwood, Mississippi;

- Delta Democrat Publishing, Inc.: the Delta Democrat Times in Greenville, Mississippi;

- Delta Press Publishing, Inc.: the Clarksdale Press Register in Clarksdale, Mississippi;

- Franklinton Publishing, Inc.: the Era-Leader in Franklinton, Louisiana;

- Hattiesburg Publishing, Inc.: the Pine Belt News in Hattiesburg, Mississippi;

- Grenada Star, Inc.: the Grenada Star in Grenada, Mississippi;

- J.O. Emmerich & Associates, Inc.: the Enterprise-Journal in McComb, Mississippi;

- Kosciusko Star-Hearld, Inc.: the Star-Herald, in Kosciusko, Mississippi;

- Louisville Publishing, Inc.: the Winston County Journal in Louisville, Mississippi, the Webster Progress-Times, the Choctaw Plain Dealer, and the Enterprise-Tocsin in Indianola, Mississippi;

- Marion Publishing, Inc.: the Columbian-Progress in Columbia, Mississippi;

- Montgomery Publishing, Inc.: the Winona Times in Winona, Mississippi and the Carrollton Conservative in Carrollton, Mississippi;

- Newton County Appeal, Inc.: the Newton County Appeal, in Union, Mississippi;

- Scott County Publishing, Inc.: the Scott County Times, in Forest, Mississippi;

- Simpson Publishing, Inc.: the Magee Courier in Magee, Mississippi and the Simpson County News, Simpson County, Mississippi;

- Sunland Publishing, Inc.: the Northside Sun in Jackson, Mississippi;

- Tallulah Publishing, Inc.: the Madison Journal in Tallulah, Louisiana;

- Tate Record, Inc.: The Tate Record in Senatobia, Mississippi; and

- Yazoo Newspaper, Inc.: the Yazoo Herald in Yazoo City, Mississippi.

10. Defendant Google LLC is a corporate citizen of California and Delaware. It is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google regularly conducts business throughout Mississippi and in this judicial district. Google is one of the largest technology companies in the world and conducts product development, search, and advertising operations in this district. Google provides a range of products and services that are marketed, distributed, and offered to consumers throughout the United States and internationally.

## III.    JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338 due to the federal causes of action alleged herein.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is a diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

13. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. Proc. 4(k)(1)(A) because Google does business in this district and state and supplies and transmits, or

4

offers to supply and transmit, the Google News service to clients and potential clients in this district and state.

14.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Google may be found in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV.    FACTUAL BACKGROUND

### A.    Emmerich's Websites Feature Their Original, Creative, and Copyright Protected Photographic Images.

15.     Emmerich's publications invest a great deal of time and money covering the news and tailoring their news services, including their images, to the specific needs of their local readers.

16.     All images published by Emmerich are original and creative works of intellectual property subject to copyright protection. Emmerich owns the copyright to all images published on their websites. As the copyright owners, Emmerich has the exclusive rights to reproduce, distribute, display, and prepare derivative works from those images.

17.     Emmerich has created online websites for their news content. Those websites update stories in real time, often receive feedback from readers, and allow consumers to stay up to date on the news.

18.     Emmerich also places advertisements on their news websites and earns revenues from selling those ads.

19.     The most important aspects of a news story, regardless of whether online or in print, are photographs and headlines, which are intended to capture the readers' attention and offer a visual complement to the journalistic efforts and objectives of a news piece.

20.     Emmerich competes with Google in publishing local news and by way of including the types of photographs at issue in this case in their website-based news feeds.

21.    Emmerich registers its photographs with the United States Copyright Office ("USCO"), the federal agency responsible for administering the national copyright system. The USCO serves as the official office of record for copyright registration and deposit in the United States. It examines and registers claims for copyright and records documents related to the ownership of copyrighted works, provides expert advice to Congress, executive branch agencies, and the judiciary on domestic and international copyright law and policy, maintains public records of copyright registrations and offers educational resources to the public regarding intellectual property rights, and manages the mandatory deposit system, which helps build the collections of the Library of Congress by requiring copies of published works to be submitted upon registration.

22.    Attached as Exhibit A is the list of Emmerich's USCO registered photographs that are the subject of this action. As described herein, Google has unlawfully violated Emmerich's copyright and statutory rights pertaining to these photographs.

**B.    Google's Unlawful Piracy of Emmerich's Photos to Supply the Content for Google News Without Consent, Compensation, Comment, or Change.**

23.    Google was launched in 1998 and operates the world's leading Internet search engine. Google is now ubiquitous across the digital economy. "Googling" something is now synonymous with online searching itself.

24.    Google offers a news aggregation service called Google News, which offers a collection of current news headlines and photographs from over 20,000 sources covering the past 44 days on a rolling basis. Google News offers a personalized section of categories, including Home, For You, Following, and News Showcase, and a general set of categories such as U.S., World, Local, Business, Technology, Entertainment, Sports, Science, and Health.

25.    Google News was launched in September of 2002. It is not a general-purpose search engine like the standard Google search function; it is a news aggregator. Its function is to use its

6

Googlebot-News crawler to scan for other publishers' news photos and headlines that fit its algorithm, drop their copyright notices and attribution, copy them onto Google's computers, and display the resulting aggregation of images and headlines for users so that they may peruse what is happening in their local community, state, country, and the world.

26.     Without Emmerich's consent, Google continuously and willfully reproduces, distributes, and publicly displays copies of Emmerich's copyright protected photographs on its Google News web pages, violating Emmerich's exclusive rights to do so and to authorize the same.

27.     Google has not compensated Emmerich for the photographs in Exhibit A.

28.     The content featured on the Google News page includes Emmerich's images and headlines, misappropriated without any meaningful change from Emmerich's websites, as the dominant features of the news items. Google News viewers can scan Emmerich's photos and headlines to quickly catch up on the thrust of recent news. Accordingly, there is less need for readers to view the original news photos and headlines on Emmerich's websites. In this way, Google News hijacks viewers who would otherwise go to Emmerich's websites and view their ads.

29.     When Emmerich's websites post photographs with their headlines and articles, they include a copyright notice and what is known in the news publishing community as a "gutter credit" on or adjacent to the photos, usually right underneath or beside the photo. Gutter credits are printed attributions that include the copyright owner and photographer's name. Gutter credits and copyright notices are copyright management information ("CMI") under 17 U.S.C. § 1202(c). CMI is information conveyed in connection with a copyrighted work that identifies the work, such as its author and copyright owner.

30.     Google does not otherwise provide any comment indicating the photographer or true owner of the images it misappropriates from Emmerich's websites.

31. Without Emmerich's consent, Google continuously and intentionally removes the CMI identifying the photographer and the copyright notice from its place right beneath or beside the images and copies, reproduces, distributes, and displays those images without that CMI on its Google News website.

32. Google has purposely designed, created, and employed the technological means to copy but leave behind the CMI accompanying the photos it pirates from other publishers. It thereby acquires, copies, reproduces, distributes, and displays Emmerich's intellectual property under false pretenses, intentionally concealing its removal of CMI, thereby implying to the public that it owns the photos or has authority from the rightful owner to publish them.

33. Google News' parasitic business model makes no pretense of transforming the pirated photographs in any manner that might constitute fair use. Google simply republishes essentially identical copies of the images. Replicating a local news competitor's protected intellectual property, parsing it from its copyright notice and attribution, purposely concealing the fact that the photo is being replicated with its CMI removed from its original place, and using it without the CMI for one's own news product, as Google does with Google News, does not serve the purpose of copyright law to "promote the Progress of Science and useful Arts." U.S. Const. art. I, § 8, cl. 8. Such commercial exploitation does not provide a significant public benefit and is not "fair" in any sense of the word. It does not constitute acting in "good faith" or engaging in "fair dealing" in the marketplace. It is cheating. It is piracy.

34. Google reproduces, distributes, and displays on Google News nearly identical copies of Emmerich's photographs as they appeared on their websites (except for the removal of the CMI) without any new purpose, character, expression, meaning, or message. Google uses the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance

of the originals as they appeared on Emmerich's websites and for the same purpose. In addition, Google misappropriates and displays virtually the entirety of Emmerich's photographs.

35.    For instance, the following photograph is copyrighted by Emmerich under the registration VA 2-493-001, and appears as entry 870 in Exhibit A. The photograph appeared alongside the headline and story, *Man killed in house fire*, which was published on February 12, 2026 by the Enterprise Journal.  Superimposed on top of the image is the text, "Photo by Matt Williamson, © 2026 Emmerich Newspapers, Inc."  The image included a "gutter credit" which reads "Copyright 2026, Emmerich Newspapers Inc. Photo by Matt Williamson."



**(Copyright 2026, Emmerich Newspapers, Inc. Photo by Matt Williamson)**

36.    That same image was displayed by Google News without the requisite Copyright Information or "gutter credit."

9



37.     Google does not alter the nature of Emmerich's photographs as creative works.

38.     Emmerich's images as they appear on its own websites and as replicated on Google News serve the same function in the same context for the same audience – to provide a visual encapsulation of news stories on local current events in a continuously updating news feed for local communities. Google News simply duplicates Emmerich's images for its own news service.

39.     Google also does not change the news purpose and character of the photographs or add any new value to them. In fact, Google performs no photographic or journalistic role at all. It does not alter the images in any meaningful way (except for removing the CMI) to convey any new expression, meaning, or message or to editorialize or comment on the original works; it merely supplants Emmerich's original images. Google creates nothing. It adds nothing. It improves nothing. It transforms nothing. It is merely a parasite, feeding off of real professional photographers' creative work to provide content for its own commercial news service. And like many parasites, it injures its hosts by depriving them of sustenance (in this case, revenues).

40.     As a result of Google's scheme, Emmerich has suffered injuries arising from lost revenue from sales of their protected work or from fees for providing licenses or other

authorization to use their work, lost attribution of their protected work, lost subscription and ad revenues resulting from lost traffic on their websites, and decreased market demand for and value of Emmerich's original copyrighted work.

41.     Google saves costs and derives profits and indirect benefits from its misappropriation of Emmerich's images, including by: improving the quality of Google News; avoiding investments in photographers and journalists; avoiding having to pay for Emmerich's property; attracting more viewers to Google's other services and products; generating more ad revenues by driving traffic to Google's standard search engine, which produces results with ads; keeping users signed in to their Google account, which enables Google to collect behavioral data about users that it can use for ad targeting or sell to third parties, improving the quality of the news items included on the "For You," "Picks for you," and "Your topics" sections of Google News, which allows Google to engage in ad targeting outside Google News; and increasing its overall brand goodwill that benefits the entire Google ecosystem.

## V.     CLAIMS FOR RELIEF

## <u>COUNT I</u>

### COPYRIGHT INFRINGEMENT OF PHOTOGRAPHS
### 17 U.S.C. § 101 *et seq.*

42.     Emmerich incorporates by reference the preceding factual allegations.

43.     Emmerich's photographs listed in Exhibit A that were published on its websites are original, creative, and copyrightable works under the United States Copyright Act.

44.     Emmerich is the owner of the registered copyrights in Emmerich's photographs.

45.     Emmerich has complied in all respects with 17 U.S.C. §§ 101 *et seq.* and has secured the exclusive rights and privileges in and to the copyrights in their photographs.

46.     By its actions alleged herein, Google has infringed and continues to infringe Emmerich's copyrights in and relating to Emmerich's photographs by, among other things, reproducing and publicly displaying copies of such copyrighted work, which it misappropriates and stores in its computers, without Emmerich's authorization in violation of the United States Copyright Act. Google also has infringed and continues to infringe Emmerich's exclusive rights to distribute its protected photographs and to authorize others to do so.

47.     Google's infringement of Emmerich's copyrights were and are deliberate, willful, and in utter disregard of Emmerich's exclusive rights in the protected works.

48.     As a direct and proximate cause of its wrongful conduct, Google has obtained profits and other benefits from its piracy of Emmerich's photographs to which it is not entitled.

49.     As a direct and proximate cause of its wrongful conduct, Google has injured Emmerich, for which Emmerich is entitled to statutory damages or actual damages and restitution of profits, injunctive relief, and other remedies provided by law.

50.     Emmerich is entitled to recover Defendant's profits, or at Emmerich's election, statutory damages in accordance with 17 U.S.C. § 504.

51.     Google's deliberate infringement of Emmerich's copyrights has greatly and irreparably damaged Emmerich, and Google will continue to damage Emmerich greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Emmerich will have no adequate remedy at law. Accordingly, Emmerich is entitled to a temporary and final injunction in accordance with 17 U.S.C. § 502.

## COUNT II

### VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT, REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION 17 U.S.C. § 1202(b)

52.     Emmerich incorporates by reference the preceding factual allegations.

53.     Emmerich included one or more forms of CMI in connection with each of Emmerich's infringed photographs, including a copyright notice and the "gutter credit," which identified the authorship of each photograph.

54.     Google intentionally removed the CMI from its place accompanying Emmerich's photos, intentionally copied, reproduced, distributed, and displayed Emmerich's photographs knowing it had surreptitiously removed the CMI in such manner without authorization, and did so intending to induce, enable, facilitate, and conceal its infringement.

55.     Each time Google redistributed Emmerich's photographs knowing the CMI had been removed as described to conceal the infringement, without authority of the copyright owners, it constituted a separate violation of 17 U.S.C. § 1202(b)(2).

56.     Emmerich has been injured by Defendant's conduct. Emmerich is entitled to statutory damages or actual damages and restitution of profits, injunctive relief, and other remedies provided by law.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff Emmerich Newspapers, Incorporated respectfully requests that the Court enter judgment against Defendant on its behalf as follows:

A.     Judgement in favor of Emmerich against Defendant on Counts I and II.

B.     An Order that preliminarily restrains and a Final Order that permanently enjoins Defendant from reproducing and/or publicly displaying Emmerich's photographs.

C.  An Order that preliminarily restrains and a Final Order that permanently enjoins Defendant from licensing its news service that reproduces and/or publicly displays the photographs of Emmerich.

D.  An Order that requires Defendants to pay to Emmerich all statutory damages permitted by law including $150,000 per infringement under 17 U.S.C. § 504.

E.  An Order that preliminary restrains and a Final Order that permanently enjoins Defendant from removing Emmerich's Copyright Management Information. A

F.  An Order that requires Defendant to pay to Emmerich statutory damages of $25,000 for each instance of removal of copyright management information under 17 U.S.C. § 1203.

G.  An Order that Defendant pay Emmerich for the costs of this action and its reasonable attorney's fees.

H.  An Order granting Emmerich such other and further relief as this Court deems equitable and proper.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff Emmerich Newspapers, Incorporated, demands a trial by jury on all issues so triable in this action.

Dated: April 14, 2026.

Respectfully submitted,

*/s/ Don Barrett*
John W. ("Don") Barrett (MSB #2063)
Katherine Barrett Riley (MSB #99109)
Sterling Aldridge (MSB #104277)
David McMullan, Jr. (MSB #8494)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095

14

(662) 834-2488
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Charles J. LaDuca
CUNEO GILBERT FLANNERY & LADUCA, LLP
2445 M Street, N.W., Ste. 740
Washington, D.C. 20037
(202) 789-3960
charlesl@cuneolaw.com

Charles Barrett
CUNEO GILBERT FLANNERY & LADUCA, LLP
4235 Hillsboro Pike, Ste. 300
Nashville, TN 37215
(615) 293-7375
cbarrett@cuneolaw.com

Alexandra Klein
CUNEO GILBERT FLANNERY & LADUCA, LLP
222 Livingston Street
Brooklyn, NY 11201
aklein@cuneolaw.com

Wilson H. Carroll (MSB #5894)
WILSON CARROLL, PLLC
2506 Cherry St.
Vicksburg, MS 39180
(601) 953-6579
Wilson@wilsoncarroll.com

*Counsel for Plaintiff*

15